IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILL MAY, NIKOLAS SZYMAREK, TERIANNA SHAW, GREGORY DEBERRY, and TRACY CLARK, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHERN INDIANA MAGNETIC RESONANCE CENTER, LLP and X-RAY CONSULTANTS, INC., <br><br> Defendants. | Civil Case No. 3:25-cv-00041 <br><br> Removed from St. Joseph County Circuit Court, Cause No. 71C01-2108-CT-000295 |

## NOTICE OF REMOVAL

Defendant X-Ray Consultants, Inc. ("XRC"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the action described below to this Court from the Circuit Court of St. Joseph County, Indiana. In support, XRC respectfully states:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. On August 6, 2021, Plaintiffs Bill May, Nikolas Szymarek, Terianna Shaw, Gregory DeBerry, and Tracy Clark, individually and on behalf of a proposed class, commenced this action in the Circuit Court of St. Joseph County, Indiana, by filing a complaint styled as *Bill May et al. v. Northern Indiana Magnetic Resonance Center, LLP, et al.* ("Complaint"). A copy of the Complaint is attached as **Exhibit 1.** The Complaint was later amended on October 29, 2021 (the "Amended Complaint"). A copy of the Amended Complaint is attached as **Exhibit 2**.

2. The Amended Complaint, pleaded as a putative class action, relates to Plaintiffs' allegation that Northern Indiana Magnetic Resonance Center, LLP ("NIMRI") and XRC "engaged

in a pattern and practice of unlawful balance billing and duplicate billing, particularly with repsect [*sic*] to patients whose injuries result from third-party negligence." Ex. 2, Am. Compl. ¶ 3.

3. The Amended Complaint alleges four Counts. Count I alleges breach of contract. *Id.* ¶¶ 43-49. Count II alleges tortious interference with business relations. *Id.* ¶¶ 50-55. Count III alleges violation of the Indiana Deceptive Consumer Sales Act, Ind. Code, § 24-5-0.5 *et seq.* (the "IDCSA"). *Id.* ¶¶ 56-67. And Count IV alleges "class action claims." *Id.* ¶¶ 68-76.

4. The Amended Complaint seeks the following relief: (1) an order certifying the suit as a class action; (2) a declaration that the practices of NIMRI and XRC are unlawful and violate the IDCSA; (3) an award of Plaintiffs' actual and statutory damages; (4) an award of treble damages; (5) an award of Plaintiffs' costs and reasonable attorney fees; and (6) "all other just and proper relief." *Id.* at pp. 11–13.

5. This case is properly removed to this Court, including pursuant to 28 U.S.C. § 1441(a), because it is the judicial district and division in which the case is pending.

6. Pursuant to 28 U.S.C. 1446(a), XRC has attached all process, pleadings, and orders filed in the action as **Exhibit 3**.

7. Pursuant to 28 U.S.C. 1446(d), copies of this Notice of Removal are simultaneously being served upon Plaintiff's counsel and filed with the appropriate state-court clerk.

II. **TIMELINESS**

8. A defendant must file its notice of removal either 30 days after the defendant receives the initial pleading pursuant to 28 U.S.C. § 1446(b), or, "if the case stated by the initial pleading is not removable," 30 days after the receipt of an amended pleading, motion, order or other paper "from which it may first be ascertained that the case is one which is or has become

removable." *Id.* § 1446(b)(3); *see also id.* § 1453(b) (class actions may be removed in accordance with § 1446).

9. XRC was first able to ascertain the removability of this case following Plaintiff Nikolas Szymarek's Supplemental Responses to Defendant XRC's First Set of Interrogatories ("Szymarek's Supplemental Interrogatory Responses"), which he served to XRC and NIMRI on December 16, 2024.[1] A copy of Szymarek's Supplemental Interrogatory Responses is attached as **Exhibit 4**.

10. Thirty days have not passed since XRC first received Szymarek's Supplemental Interrogatory Response. Thus, this notice of removal is timely filed.

### III. GROUNDS FOR REMOVAL

11. "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.*

12. As set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

### A. Removal is proper under the Class Action Fairness Act.

13. This Court has jurisdiction over this action under CAFA. Congress enacted CAFA to expand federal court jurisdiction over proposed class actions. *Dart Cherokee*, 574 U.S. at 89.

---

[1] While Plaintiff Nikolas Szymarek's Supplemental Responses to Defendant XRC's First Set of Interrogatories did provide sufficient information for XRC to first ascertain the removability of this case, his and other Plaintiffs' responses to XRC's discovery requests to date still have significant deficiencies. XRC reserves the right to file a motion to compel Plaintiffs—including Mr. Szymarek—to submit proper responses to XRC's discovery at a later date.

CAFA is to be read "broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.*

14. XRC has a statutory right to have this putative class action adjudicated in federal court based on diversity jurisdiction under CAFA. Minimal diversity of citizenship exists in this matter, the putative class consists of more than 100 members, and the amount in controversy exceeds $5,000,000. Accordingly, federal jurisdiction is proper under 28 U.S.C. § 1332(d).

   1. **Minimal Diversity**

15. CAFA requires only minimal diversity of citizenship. *See Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). Diversity of citizenship under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. In actions removed to federal court, diversity is assessed based upon the citizenship of the parties "both at the time of the original filing in state court and at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016).

17. On August 6, 2021, and currently, XRC is a corporation organized and existing under the laws of the state of Indiana with a principal office located at 121 S. St. Louis Blvd., South Bend, Indiana 46617. Am. Compl. ¶ 12.

18. XRC therefore was and is a citizen of Indiana during all relevant time periods for determination of diversity. *See* 28 U.S.C. § 1332(c)(1); *see also Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014).

19. NIMRI is a limited liability partnership. "The citizenship of a partnership is the citizenship of the partners." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

20. At the time of the filing of the Complaint on August 6, 2021, NIMRI had four partners: RAD Services, Inc.; M R Venture Company, Inc.; Memorial Hospital of South Bend, Inc.; and Saint Joseph Regional Medical Center, Inc.

21. NIMRI's current partners are only Memorial Hospital of South Bend, Inc. and Saint Joseph Regional Medical Center Inc.

22. On August 6, 2021, RAD Services, Inc. was a corporation organized and existing under the laws of the state of Indiana with a principal office located at 620 Edison Road, Suite 110, Mishawaka, IN, 46545.

23. On August 6, 2021, M R Venture Company, Inc. was a corporation organized and existing under the laws of the state of Indiana with a principal office located at 121 S. St. Louis Blvd., South Bend, Indiana 46617.

24. On August 6, 2021, and currently, Memorial Hospital of South Bend, Inc. is a corporation organized and existing under the laws of the state of Indiana with a principal office located at 615 N. Michigan St., South Bend, Indiana 46601.

25. On August 6, 2021, and currently, Saint Joseph Regional Medical Center, Inc. is a corporation organized and existing under the laws of the state of Indiana with a principal office located at 5215 Holy Cross Pkwy., Mishawaka, IN 46545.

26. NIMRI therefore was and is a citizen of Indiana during all relevant time periods for assessment of diversity. *See Cosgrove,* 150 F.3d at 731.

27. On August 6, 2021, and currently, Nikolas Szymarek is a resident of and is domiciled in the state of North Carolina. *See* Ex. 1, Compl. ¶ 3; *see also* Ex. 4, Supp. Inter. Resp. No. 6.

28. Mr. Szymarek was and is a citizen of North Carolina during all relevant time periods for assessment of diversity. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

### 2. Class Size

29. Mr. Szymarek's Supplemental Interrogatory Responses state that there are "approximately 2,480" members in the putative class. Ex. 4, Supp. Inter. Resp. No. 12. Thus, for purpose of removal, there are more than 100 members in the putative class. 28 U.S.C. § 1332(d)(5).

30. XRC reserves the right to later argue whether there is sufficient numerosity to satisfy Fed. R. Civ. P. 23's class requirements.

### 3. Amount in Controversy

31. Under CAFA, the amount in controversy required to satisfy jurisdiction must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the amount in controversy is satisfied. *Id.* § 1332(d)(6). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

32. Plaintiffs and the putative class seek to recover compensatory damages, statutory damages, treble damages and attorneys' fees, the aggregative of which more than satisfies the CAFA amount in controversy.

33. Within the Amended Complaint's Count I, for breach of contract, Plaintiffs claim that XRC and NIMRI breached agreements with Plaintiffs and the putative class members by "(a) refusing to apply contractual discounts, (b) refusing to accept insurance payments, (c) refunding insurance payments, (d) balance billing the plaintiffs for the full cost of covered, necessary, and authorized services rendered, and (e) duplicate billing for services." Ex. 2, Am. Compl. ¶ 48.

34. Mr. Szymarek's Supplemental Interrogatory Responses state that Mr. Szymarek was entitled to contractual adjustments from his insurance (Blue Cross Blue Shield) of $556.20 and an insurance payment of $13.44. In total, Mr. Szymarek claims he was entitled to and did not receive a total of $569.44 in insurance-related adjustments or payments. Ex. 4, Supp. Inter. Resp. No. 19.

35. If each member of the putative class proved they were entitled to a similar amount of approximately $569.44 for insurance-related adjustments or payments, the class would be seeking $1,412,211.20 in damages for Count I.

36. Within the Amended Complaint's Count III, for violation of the IDCSA, Plaintiffs claim that XRC and NIMRI violated the IDCSA by, "among other things, balance billing and duplicate billing the plaintiffs in violation of law." Ex. 2, Am. Compl. ¶ 63.

37. Plaintiffs further allege that they entitled to "statutory damages of $500 per violation" of the IDSCA, plus treble damages and attorneys' fees. Ex. 2, Am. Compl. ¶¶ 66-67.

38. If trebled statutory damages of $1,500 were awarded for each of the 2,480 putative class members, the class would be seeking $3,720,000 in damages for Count III.

39. Together, between Counts I and III, the class is seeking at least $5,132,211.20 in damages, prior to the inclusion of attorneys' fees.

40. Additionally, "legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). The amount in controversy exceeds $5,000,000.00 excluding attorneys' fees; however, it is not uncommon for attorneys' fees in complex class actions to exceed 25% of class damages, further exceeding CAFA's amount in controversy requirement. *See Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (affirming attorney fee

amounting to 27.5% of class damages); *see also In re Synthroid Mktg. Litig.*, 325 F.3d 974, 980 (7th Cir. 2003) (setting consumer class counsel fees at 30% of the first $10 million recovered).

41. Although XRC denies the merits of the Plaintiffs' and putative class's claims of liability and damages, and intends to dispute these claims and amounts hereafter, because the total aggregated amount of the putative class members' claims for actual, statutory, and treble damages, along with the class member's claim for attorney fees, exceeds $5,000,000, CAFA's amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

### IV.   CONCLUSION AND PRAYER FOR RELIEF

42. For the above reasons, removal of this lawsuit from Circuit Court of St. Joseph County, Indiana to this Court is proper.

43. Upon consultation, Defendant NIMRI agrees that this case is properly removable as set forth above and consents to removal.

WHEREFORE, Defendant X-Ray Consultants, Inc. respectfully removes this action for all purposes from the Circuit Court of St. Joseph County, Indiana to the United States District Court for the Northern District of Indiana, South Bend Division.

Dated: January 15, 2025

Respectfully Submitted,

**BARNES & THORNBURG LLP**

*/s/ Brian E. Casey*
Brian E. Casey (23263-71)
Sarah E. Brown (35715-53)
Daniel R. Obert (37566-71)
brian.casey@btlaw.com
sarah.brown@btlaw.com
daniel.obert@btlaw.com
201 S. Main Street, Suite 400
South Bend, IN 46601
Telephone: (574) 233-1171
Facsimile: (574) 237-1125

***Counsel for Defendant***
***X-Ray Consultants, Inc.***

**CERTIFICATE OF SERVICE**

The foregoing Notice of Removal was electronically filed on January 15, 2025 with the Clerk of Court using the CM/ECF system, and was sent by U.S. certified mail to the following:

Ryan G. Milligan, Esq.
James P. Barth, Esq.
Peter D. Hamann, Esq.
PFEIFER MORGAN & STESIAK
53600 N. Ironwood Rd.
South Bend, IN 46635
rmilligan@pilawyers.com
jbarth@pilawyers.com
phamann@pilawyers.com

Darren A. Craig, Esq.
Katherine M. Slisz, Esq.
FROST BROWN TODD LLP
111 Monument Circle, Suite 4500
P.O. Box 44961
Indianapolis, IN 46244-0961
dcraig@fbtlaw.com
kslisz@fbtlaw.com

/s/ *Brian E. Casey*
Brian E. Casey